# United States Court of Appeals
## For the First Circuit

---

No. 11-1398

LILLIAM DAVILA-FELICIANO,

Plaintiff, Appellant,

v.

PUERTO RICO STATE INSURANCE FUND, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Boudin, Lipez and Thompson,
Circuit Judges.

---

Bámily López Ortiz on brief for appellant.
José Fco. Benítez-Mier and Joanna Matos Hicks on brief for appellees.

---

July 3, 2012

---

**Per Curiam**.  Appellant Lilliam Davila-Feliciano appeals from an order of the District Court for the District of Puerto Rico approving the Clerk's taxation of costs in the amount of $12,690.10 pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  We turn first to Appellees' late presented timeliness argument, presented for the first time in their recently filed supplemental brief.  The argument contradicts Appellees' express disavowal in their opening brief of any timeliness and jurisdictional challenges, and the argument falls outside the scope of this court's order directing supplemental briefing.  Regardless, the argument also fails as a matter of substance.  Davila-Feliciano filed her notice of appeal within 30 days of the district court's entry of the challenged order, and that is all that Federal Rule of Appellate Procedure 4 required in this case.  Appellees have cited to no precedent to the contrary.

As for the $181.80 in copying costs and $1,425 in deposition transcription costs taxed by the district court, we conclude that, under the circumstances, the district court did not abuse its discretion in approving the Clerk's taxation of those costs.  See In re San Juan Dupont Plaza Hotel Fire Litigation, 111 F.3d 220, 228 (1st Cir. 1997) (setting out standard of review).

That leaves Davila-Feliciano's challenge to the district court's taxation of $11,083.80 for costs accrued when Appellees commissioned the translation into English of certain written

documents filed as exhibits to their motion for summary judgment. We have applied plain error review because Davila-Feliciano failed to present this categorical challenge to the district court. See United States v. Farrell, 672 F.3d 27, 29 (1st Cir. 2012) (setting out plain error review standard and principles regarding its application). In Taniguchi v. Kan Pacific Saipan, Ltd., the Supreme Court recently ruled that costs stemming from the translation of written documents do not qualify as "compensation of interpreters," as that term is used in 28 U.S.C. § 1920(6), and, therefore, may not be taxed as costs against a non-prevailing party. 132 S.Ct. 1997, 2001-07 (2012). We reject any suggestion by Appellees to the effect that Taniguchi is not binding precedent for purposes of this case, and, having brought that precedent to bear on the record in this case, we conclude that Davila-Feliciano has satisfied the plain error standard insofar as the $11,083.80 in translation costs are concerned. In so ruling, we, of course, do not mean to disparage the district court for complying with what, at the time of its ruling, was a somewhat standard practice that did not conflict with Supreme Court precedent, but our "plain error" review requires us to consider the state of the law at present, which, in this case, requires application of Taniguchi. See Farrell, 672 F.3d at 36 (describing proper vantage point for purposes of plain error review).

In light of the foregoing, we **AFFIRM** the portion of the

-3-

district court's order approving the taxation of $181.80 in copying costs and $1,425 in deposition transcription costs, **VACATE** the portion of the order approving the taxation of $11,083.80 in costs stemming from the translation of written documents, and **REMAND** for further proceedings consistent with this judgment.